IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 06-cv-00895-RPM

RHONDA GARDUNO,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commission of Social Security,

    Defendant.

_____

ORDER OF REVERSAL AND REMAND
_____

The application for supplemental security income benefits filed by Rhonda Garduno was denied on the basis of an opinion of an Administrative Law Judge ("ALJ"), dated February 24, 2006, after a video conference hearing held on February 9, 2006. The ALJ determined that the claimant's impairments were "dysthymia" and "borderline functioning." The findings were made with minimal discussion of the extensive medical record of treatment that was before the ALJ. He referred to a "2003 examination" by a consulting psychologist to support the finding. Apparently the reference is to the report of Dr. Michael Cummings, Ph.D. of November 12, 2003. The diagnosis in that report (R.153) was as follows:

| | |
|---|---|
| Axis I: | 296.32 Major Depressive Disorder, Recurrent, Moderate |
| | R/O Posttraumatic Stress Disorder |
| Axis II: | V62.89 Borderline Intellectual Functioning |
| Axis III: | None Reported |
| Axis IV: | Economic Problems, Occupational Problems, Relational Problems |
| | Removal of Children |
| Axis V: | Current GAF: 50   Highest past year: 55-60 |

Noteably, the word "dysthymia" which a medical dictionary defines as mental depression or any intellectual anomaly, does not appear in the report. More significantly, Dr. Cummings rated the GAF as 50 and showed that in the past year it was between 55-60. The ALJ referred to a verbal IQ of 73 and performance IQ of 78 without reference to a GAF rating. The medical record before him showed fluctuations and variations in the claimant's GAF score at different times.

The other support for the ALJ's opinion is a psychiatric assessment by a Disability Determination Service (DDS) doctor, J. Leroy Gabaldon, Ph.D., dated January 8, 2004, on a Psychiatric Review Technique Form (PRTF) appearing at R.180-93. Dr. Gabaldon left most pages of the report blank and did indicate that an RFC assessment was necessary and that coexisting non-mental impairments required referral to another medical specialty. There is nothing to indicate what records this reviewer saw and considered.

The medical records of treating psychiatrists are never mentioned by the ALJ. They include diagnoses of post-traumatic stress disorder, supported by childhood experiences of the claimant and her very troubled personal history, including a determination that she was unable to care for her five children. Dr. Robert Franklin, M.D., diagnosed Ms. Garduno as suffering from a bi-polar disorder Type II and post-traumatic stress disorder with a GAF level of functioning of 45. That was his diagnosis on December 10, 2003, (R.214) and again on February 26, 2004, (R.215). He saw the claimant again on April 7, 2004, with the same diagnosis. (R.206). The medical record of treatment at the Health Center of Taos/Colfax Community Services and Spanish Peaks Mental Health Center in Trinidad all show extensive medication and treatment.

She had further treatment in Pueblo for severe depression, resulting in a diagnosis by psychiatrist W. Lee McNabb, M.D., of bi-polar II disorder, current depressive episode and personality disorder and a GAF of 40.  An additional treating psychiatrist, Thomas C. Ingraham, M.D., found a current GAF of 40-45 in a report dated August 23, 2004. (R.248-252).

Despite these opinions and extensive treatment records, the ALJ concluded that Ms. Garduno was not disabled at Step 5 of the sequential analysis because she could work as a hotel maid, fast food worker and parts assembler.  In that, he relied on the opinion of a Vocational Expert (VE).  The record of that testimony is inaudible and not reviewable by this Court.  Particularly, the hypothetical questions put to the VE are not in the record.  Additionally, the ALJ failed to discuss the limitations that are shown in the medical treatment records under Step 3.  That is not itself reversible error but it reflects the failure of the ALJ to demonstrate a proper review of and proper respect for the opinions of multiple treating physicians.

Because the record does not provide substantial evidence in support of the ALJ's decision, it is

ORDERED that the denial decision is reversed and this matter remanded to the Commissioner of Social Security for further proceedings to evaluate fairly this SSI claim.

DATED: July 23rd , 2007

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior Judge